**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ANA COLON,**

    *Plaintiff*,

Case Number: _____

v.

**NORTH AMERICAN CREDIT SERVICES, INC.,**

    *Defendant*.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, ANA COLON ("**Ms. Colon**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, NORTH AMERICAN CREDIT SERVICES, INC. ("**NACS**") and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought by Ms. Colon, an individual consumer, against NACS for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**") and the Florida Consumer Collection Practices Act, section 559.55, Florida Statutes, *et. seq.* ("**FCCPA**").

**JURISDICTION**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), and the FCCPA, section 559.77(1), Florida Statutes.

3. NACS is subject to the provisions of the FDCPA and the FCCPA and is subject to the jurisdiction of this Court pursuant to 28 U.S.C § 1331. Supplemental jurisdiction arises for state law claims under 28 U.S.C. § 1367.

4. Venue is proper in the Middle District of Florida because the acts complained of were committed and / or caused by NACS therein. 28 U.S.C. §§ 1391(b)(2).

## PARTIES

5. Ms. Colon is a natural person who resides in Pasco County, Florida, and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and section 559.55(8), Florida Statutes.

6. NACS's primary business address is **2810 Walker Road, Ste. 102, Chattanooga, TN 37421.**

7. The Tennessee registered agent for NACS is **J. Scott McDearman, 633 Chestnut St., Ste. 900, Chattanooga, TN 37450**.

8. While NACS collects debts on behalf of Florida businesses in the state of Florida against Florida residents, NACS has not registered as an out-of-state business with the Florida Department of State and does not have a Florida registered agent.

9. NACS is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and section 559.55(7), Florida Statutes, in that NAS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. In addition, NACS is registered with the Florida Office of Financial Regulation as a Consumer Collection Agency ("**CCA**") and holds license number CCA0900472.

## FACTUAL ALLEGATIONS

11. Sometime around January 2014, Ms. Colon incurred a personal medical debt ("**debt**") to Florida Hospital, Wesley Chapel ("**Florida Hospital**").

12. Because the debt was personal, it meets the definition of "debt" under 15 U.S.C. § 1692a(5) and 559.55(6), Florida Statutes, making both the FDCPA and FCCPA applicable to this action.

13. On information and belief, sometime on or around June 17, 2014, Florida Hospital hired, assigned, or transferred Ms. Colon's debt to NACS.

14. On or about September 3, 2014, Ms. Colon received a letter from NACS titled "***NOTICE OF INTENT***" ("**NACS Letter**").  **SEE PLAINTIFF'S EXHIBIT A**.

15. The second sentence of the letter states, in a separate paragraph:

> Unpaid accounts may be placed with an attorney and/or agency in your area for further collection activity and may have attorney fees added to the balance, as provided in the contract with your creditor.  *Id.*

16. On information and belief, no contract exists between Ms. Colon and Florida Hospital which authorized the addition of attorneys' fees.

17. Even assuming a contract exists allowing for collection of attorneys' fees, NACS cannot add attorneys' fees to Ms. Colon's balance by simply forwarding the file to an attorney when the attorneys have had no involvement in collection.

18. For attorneys' fees to be collectible, NACS would have to file litigation, prevail, and be awarded attorneys' fees.

19. NACS is not an attorney and is not legally capable of assessing attorneys' fees for "further collection activity."

20. The NACS Letter also states the following:

   a. Delinquent accounts are listed on your national credit report for up to seven years;

   b. Pay your balance in full to update your file as paid with the credit bureau;

   c. To show your account as satisfied, it must be paid in full;

   d. Protect your finances by protecting your "Credit Score."  *Id*.

21. To a less sophisticated consumer, the NACS Letter suggests that NACS had already reported the account to the credit reporting agencies ("**CRAs**") at the time it was sent; However, NACS made no report to the CRAs until September 30, 2014. **SEE PLAINTIFF'S EXHIBIT B.**

22. Similarly, a less sophisticated consumer would read the NACS letter to indicate that NACS would report the debt for seven years from the date of the letter, not the date of the original delinquency with the original creditor, in violation of the FCRA. 15 U.S.C. § 1681c(c)(1).

23. Ms. Colon's Trans Union consumer disclosure shows the expiration of the reporting period of NACS's tradeline to be December 2020, far sooner than the seven years indicated by the NACS letter. *Id.*

24. To a less sophisticated consumer, NACS's letter suggests that: Ms. Colon's credit score would only be improved by paying the debt in full.

25. On information and belief, payment of a collection account already reported as a collection tradeline to a CRA will have no effect on a consumer's credit score because many versions of FICO make no distinction between a "paid" and an "unpaid" collection account, focusing only on the number and recency of collection accounts reported.

26. Ms. Colon has hired the aforementioned law firm to represent her in this matter and is obligated to pay its reasonable fees.

## COUNT I
## VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, *et. seq.*

27. Ms. Colon adopts and incorporates paragraphs 1 - 26 as if fully stated herein.

28. NACS's conduct violated 15 U.S.C. § **1692e(2)(a)** in that NACS used a false representation of the character and legal status of the debt by implying in its September 4, 2014 letter that NACS had already reported the alleged debt to a CRA when it had not.

29. NACS's conduct violated 15 U.S.C. § **1692e(10)** in that NACS used a false representation or deceptive means to attempt to collect the debt by implying in its September 4, 2014 letter that NACS had already reported the alleged debt to a CRA when it had not.

30. NACS's conduct violated 15 U.S.C. § **1692e** in that NACS used a false, deceptive, or misleading representation in connection with the collection of the debt by implying in its September 4, 2014 letter that NACS had already reported the alleged debt to a CRA when it had not.

31. NACS's conduct violated 15 U.S.C. § **1692f** in that NACS used unfair or unconscionable means to collect or attempt to collect the debt by implying in its Letter that NACS had already reported the alleged debt to a CRA when it had not.

32. NACS's conduct violated 15 U.S.C. § **1692e(10)** in that NACS used a false representation or deceptive means to attempt to collect the debt by implying that Ms. Colon's credit score, and her ability to protect her finances, would be improved only if she paid the debt, which had already been reported to the CRA.

33. NACS's conduct violated 15 U.S.C. § **1692e** in that NACS used a false, deceptive, or misleading representation in connection with the collection of the debt by implying that Ms. Colon's credit score, and her ability to protect her finances, would be improved only if she paid the debt, which had already been reported to the CRA.

34. NACS's conduct violated 15 U.S.C. § **1692f** in that NACS used an unfair or unconscionable means to collect or attempt to collect the debt by implying that Ms. Colon's credit score, and her ability to protect her finances, would be improved only if she paid the debt, which had already been reported to the CRA.

35. NACS's conduct violated 15 U.S.C. § **1692e(10)** in that NACS used a false representation or deceptive means to attempt to collect the debt by implying that attorneys' fees could be added to the account by NACS, without court judgment and even if the account was placed with another non-attorney agency, if the debt was not paid.

36. NACS's conduct violated 15 U.S.C. § **1692e** in that NACS used a false, deceptive, or misleading representation in connection with the collection of the debt by implying that attorneys' fees could be added to the account by NACS, without court judgment and even if the account was placed with another non-attorney agency, if the debt was not paid.

37. NACS's conduct violated 15 U.S.C. § **1692f** in that NACS used an unfair or unconscionable means to collect or attempt to collect the debt by implying that attorneys' fees could be added to the account by NACS, without court judgment and even if the account was placed with another non-attorney agency, if the debt was not paid.

38. NACS's conduct violated 15 U.S.C. § **1692e(2)(a)** in that NACS made false representations about the character and legal status of a debt by implying that attorneys' fees could be added to the account by NACS, without court judgment and even if the account was placed with another non-attorney agency, if the debt was not paid.

39. NACS's conduct violated 15 U.S.C. § **1692e(5)** in that NACS threatened, via their collection letter, that attorneys' fees could be added to the account by NACS without court judgment and even if the account was placed with another non-attorney agency.

40. NACS's conduct violated 15 U.S.C. § **1692e(10)** in that NACS used false representation or deceptive means to attempt to collect the debt by falsely stating that the seven-year period for which the debt may appear on Mr. Colon's credit report, pursuant to 15 U.S.C. 1681c(c)(1), began in September 2014.

41. NACS's conduct violated 15 U.S.C. § **1692e** in that it used a false, deceptive, or misleading representation or means in connection with the collection of a debt by falsely stating that the seven-year period for which the debt may appear on Mr. Colon's credit report, pursuant to 15 U.S.C. 1681c(c)(1), began in September 2014.

42. NACS's conduct violated **15 U.S.C. § 1692e(2)(a)** in that NACS made false representations about the character and legal status of a debt by implying that the debt was reportable to the CRAs through September 2021.

43. As a result of the foregoing violations of the FDCPA, Ms. Colon is entitled to statutory damages and recovery of her attorneys' fees and expenses.

**WHEREFORE**, Ms. Colon respectfully requests this Honorable Court enter judgment against NACS for:

a. Statutory damages of $**1,000** pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Unspecified actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCCPA- Section 559.55, Florida Statutes, *et. seq*.

44. Ms. Colon adopts and paragraphs 1 - 26, as if fully stated herein.

45. NACS's conduct violated section **559.72(9)**, Florida Statutes, in that NACS asserted a right which it knows that does not exist, to wit, the right to add attorneys' fees to the balance without court judgment and even if the account was placed with another non-attorney agency.

46. NACS's actions were willful and intentional, and made knowingly in contravention of consumer protection statutes.

47. NACS is liable for the above-stated violation of the FCCPA, and Ms. Colon is entitled to statutory damages not to exceed $1,000, as well as recovery of her attorneys' fees and expenses.

**WHEREFORE**, Ms. Colon respectfully requests this Honorable Court enter judgment against NACS for:

a. Statutory damages of $**1,000** pursuant to section 559.77(2), Florida Statutes;

b. Unspecified actual damages pursuant to section 559.77(2), Florida Statutes;

c. Reasonable costs and attorneys' fees pursuant to pursuant to section 559.77(2), Florida Statutes; and,

d. Such other relief that this Court deems just and proper.

Respectfully submitted this 19 day of February 2015, by:

>/s/*Bobbi Madonna*_____
>Bobbi Madonna
>Florida Bar Number: 0056265
>Seraph Legal, P. A.
>2002 E. 5th Ave., Suite 104
>Tampa, FL 33605
>(813) 567-1230
>BMadonna@seraphlegal.com
>Attorney for Plaintiff

# EXHIBIT A
## SEPTEMBER 3, 2014 NOTICE OF INTENT LETTER
## FROM NORTH AMERICAN CREDIT SERVICES TO ANA COLON

**North American Credit Services**
2810 Walker Road, Suite 100  Chattanooga, TN  37421
(800) 467-5654   (423) 894-5654



Members
American Collectors Association
Healthcare Client Services Association
Licensed/Insured/Bonded

| For: | FH WESLEY CHAPEL |
|---|---|
| Debt #: | 9455070 |
| Balance: | $1,700.05 |

Ana Colon

Statement Date: 09/03/14

### *** NOTICE OF INTENT ***

We will notify our client of your failure to make suitable arrangements to pay this debt.

Unpaid accounts may be placed with an attorney and/or agency in your area for further collection activity and may have attorney fees added to the balance, as provided in the contract with your creditor.

Delinquent accounts are listed on your national credit report for up to seven years. Pay your balance in full to update your file as paid with the credit bureau. The address is PO Box 182221, Chattanooga, TN 37422. North American Credit Services is a national debt collection agency. To show your account as satisfied it must be paid in full. Protect your finances by protecting your "Credit Score".

Sincerely,
Staff Collector, Ext 399
Staff Collector/North American Credit Services

For your convenience our office accepts MasterCard, Visa and American Express. If you would like to pay by credit card please call (800) 467-5654 and follow the prompts.

**Notice to debtor: This is an attempt to collect a debt. Any information obtained will be used for that purpose. This letter is from a debt collection agency.**

This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance. North American Credit Services is a Tennessee Corporation.

---

Telephone: (800) 467-5654  (423) 894-5654
Office Hours (Eastern Time): Mon - Thu, 8:00 am - 8:30 pm; Fri: 8:00 am - 4:45 pm
Send correspondence to: NORTH AMERICAN CREDIT SERVICES, PO BOX 182221 CHATTANOOGA, TN 37422-7221
If you would like to manage your account on line, please go to our new consumer website at https://nacspayonline.com
You will be able to set up a profile using authorization code 94550701878.

| Date of Service | Patient Name | Patient # | Amount |
|---|---|---|---|
| 01/07/2014 | ANA COLON | 5050045 | $1700.05 |

---

TO ENSURE PROPER CREDIT TO YOUR ACCOUNT, PLEASE CUT ALONG THE DOTTED LINE AND MAIL BOTTOM PORTION WITH PAYMENT

**RESPONSIBLE PARTY:**
Ana Colon
27921 Pleasure Ride Loop
Wesley Chapel, FL 33544-1843

**PLEASE SEND ALL CORRESPONDENCE TO:**
NORTH AMERICAN CREDIT SERVICES
PO BOX 182221
CHATTANOOGA, TN 37422-7221

N80/208313117722/4745/0002373

**PLEASE INDICATE METHOD OF PAYMENT BELOW**

☐ VISA   ☐ MasterCard   ☐ AMEX   ☐ Check/Money Order

| Cardholder Name* | | CVV2 Code** | Payment Amount* |
|---|---|---|---|
| Card Number* | | | Exp. Date* |
| Signature* | | | |

| Account # | Amount Due |
|---|---|
| 9455070 | $1,700.05 |

* Required if paying by credit card; ** The CVV2 Code is printed in the signature area of your credit card.

# EXHIBIT B
## ANA COLON'S FEBRUARY 3, 2015 CONSUMER DISCLOSURE REPORT



2/3/2015 TransUnion Online Investigation Service: Credit Report and Request Details



**NORTH AMER CRDT SVCS #1587505******
2810 WALKER RD
PO BOX 182221
CHATTANOOGA, TN 37421-1082
(423) 894-5654

| | | | | | |
|---|---|---|---|---|---|
| **Placed for Collection:** | 06/17/2014 | **Balance:** | $1,700 | **Pay Status:** | >In Collection< |
| **Responsibility:** | Individual Account | **Date Updated:** | 09/30/2014 | | |
| **Account Type:** | Open Account | **Original Amount:** | $1,700 | | |
| **Loan Type:** | COLLECTION AGENCY/ATTORNEY | **Original Creditor:** | MEDICAL-FH WESLEY CHAPEL (Medical/Health Care) | | |
| | | **Past Due:** | >$1,700< | | |

**Remarks:** >PLACED FOR COLLECTION<
**Estimated month and year that this item will be removed:** 12/2020

Request an investigation

https://onlinedispute.transunion.com/oda/do/checkUserIndicativeInput 4/11